UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12-cv-01965-JAR |
| | ) | |
| ELLIS MCSWAIN[1], | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Lawrence Woods' ("Petitioner" or "Mr. Woods") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Government responded (Doc. 8). For the following reasons, Petitioner's Section 2254 petition is **DENIED** and this action is **DISMISSED with prejudice.**

### I. Introduction and Background

On April 28, 2005, a jury found Petitioner guilty of one count of robbery in the first degree (Resp. Ex. C at 62). On June 9, 2005, Petitioner filed a First Amended Motion for Acquittal or, in the Alternative, a New Trial (*Id.* at 75-76). The trial court denied the motion, and on June 16, 2005, sentenced Petitioner to twelve years' imprisonment in the custody of Missouri Department of Corrections (*Id.* at 78-80).

Petitioner filed a direct appeal, raising three claims:

(1) The trial court abused its discretion in overruling the motion for new trial and in refusing to hold a hearing based upon juror misconduct that caused an unfair trial and tainted verdict, because at least one juror was not qualified to serve on the jury because of his personal knowledge and bias against Mr. Woods;

---

[1] Ellis McSwain, Chairman of the Missouri Board of Probation and Parole, is substituted as the proper party respondent in this case as petitioner has been paroled for the convictions he challenges in his petition. *See* Rule 2(a), RULES GOVERNING § 2254 PROCEEDINGS IN THE DISTRICT COURTS.

(2) The trial court abused its discretion in overruling the motion for new trial and in refusing to hold a hearing based upon juror misconduct that caused an unfair trial and tainted verdict, because the jury was exposed to extrinsic, inadmissible evidence of Mr. Woods' character during deliberations; and

(3) The trial court plainly erred and abused its discretion in denying Mr. Woods probation and sentencing him to a term of 12 years imprisonment because the trial court's imposition of the 12 year sentence was expressly in response to Mr. Woods having rejected the trial court's previous offer of probation if Mr. Woods pled guilty, and was expressly in response to Mr. Woods having taken his case before a jury instead of pleading guilty.

(Resp. Ex. D). The Missouri Court of Appeals for the Eastern District, finding no error of law, affirmed the trial court's judgment (Resp. Ex. G).

On May 24, 2007, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct the Judgment or Sentence (Resp. Ex. I at 4-11). On September 14, 2009, Petitioner's counsel filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing pursuant to Missouri Supreme Court Rule 29.15, raising three claims:

(1) Trial counsel rendered ineffective assistance of counsel because trial counsel failed to locate, interview, subpoena, request a body attachment, and call as a witness Ms. Travia Banks ("Ms. Banks") who would have testified that when the robbery occurred, Mr. Woods was with her at his mother's home;

(2) Trial counsel rendered ineffective assistance of counsel because trial counsel failed to question Mr. Woods and state's witness Garry Cartt about Mr. Woods' deformed feet, which affect his balance, cause him to limp, and requires him to wear thick-soled shoes; and

(3) Trial counsel rendered ineffective assistance of counsel because trial counsel failed to object to evidence of an alleged prior bad act. Evidence was introduced that Mr. Woods had been arrested after a dispute with his girlfriend.

(*Id.* at 14-31). Following an evidentiary hearing held on February 26, 2010 (Resp. Ex. H), the circuit court denied Petitioner's motion on September 28, 2010 (Resp. Ex. I at 63-67). On October 24, 2011, the Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of the post-conviction relief (Resp. Ex. L).

On October 18, 2012, Petitioner filed this Section 2254 petition, raising the following grounds for relief:

(1) The trial court abused its discretion in overruling the motion for new trial and in refusing to hold a hearing based upon juror misconduct that caused an unfair trial and tainted verdict, because at least one juror was not qualified to serve on the jury because of his personal knowledge and bias against Mr. Woods (Doc. 1 at 13);

(2) The trial court abused its discretion in overruling the motion for new trial and in refusing to hold a hearing based upon juror misconduct that caused an unfair trial and tainted verdict, because the jury was exposed to extrinsic, inadmissible evidence of Mr. Woods' character during deliberations (*Id.*);

(3) The trial court plainly erred and abused its discretion in denying Mr. Woods probation and sentencing him to a term of 12 years imprisonment because the trial court's imposition of the 12 year sentence was expressly in response to Mr. Woods having rejected the trial court's previous offer of probation if Mr. Woods pled guilty, and was expressly in response to Mr. Woods having taken his case before a jury instead of pleading guilty (*Id.*);

(4) The motion court clearly erred in denying Mr. Woods' Rule 29.15 motion for post-conviction relief because trial counsel rendered ineffective assistance of counsel when trial counsel failed to locate, interview, subpoena, request a body attachment, and call as a witness Ms. Banks who would have testified that when the robbery occurred, Mr. Woods was with her at his mother's home (*Id.* at 14);

(5) The motion court clearly erred in denying Mr. Woods' Rule 29.15 motion for post-conviction relief because trial counsel rendered ineffective assistance of counsel when trial counsel failed to question Mr. Woods and state's witness Garry Cartt about Mr. Woods' deformed feet, which affect his balance, cause him to limp, and requires him to wear thick-soled shoes (*Id.*); and

(6) The motion court clearly erred in denying Mr. Woods' Rule 29.15 motion for post-conviction relief because trial counsel rendered ineffective assistance of counsel when trial counsel failed to object to evidence of an alleged prior bad act. Evidence was introduced that Mr. Woods had been arrested after a dispute with his girlfriend (*Id.* at 14-15).

## II. Analysis

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

**A. Grounds 1 and 2: Alleged Juror Misconduct**

In Grounds 1 and 2, Petitioner asserts that the trial court abused its discretion in overruling the motion for new trial and in refusing to hold an evidentiary hearing based upon juror misconduct that caused an unfair trial and tainted verdict. Petitioner claims at least one juror was not qualified to serve on the jury in light of his personal knowledge and bias against Mr. Woods which resulted in the jury being exposed to extrinsic, inadmissible evidence of Mr. Woods' character during deliberations (Doc. 1 at 13).

In his motion for new trial, Petitioner alleged the following:

> It just came to the defense attorney's knowledge that one of the jurors, during the deliberations, talked about his personal knowledge of defendant's bad character and the [juror] also made some derogatory remarks about defendant's family and the defense witnesses who had testified during trial.
>
> Juror Laura Faletti disclosed the above to her brother Andy Sotille, Attorney at Law, member Missouri bar and Mr. Sotille disclosed the same to Talat Bashir, Attorney of the record for this case.

(Resp. Ex. C at 76). Petitioner further requested that the trial court "hold an inquiry and declare a mistrial" based on these allegations (*Id.*).

During his sentencing, the trial court stated, "A motion for new trial was filed by defense attorney. The Court has carefully gone over and considered the nine points of argument contained in the defendant's amended motion for new trial; and, that motion at this time is overruled and denied in its entirety" (Resp. Ex. B at 2-3). Thereafter, when asked by the trial court if there was anything Petitioner wanted to say, the following exchange took place:

- Petitioner: When we was picking the jury or whatever the prosecutor asked all the juries do they know me and one lady said yes so you all struck her off. Then a person go back there and start talking about me and my family members. Like, you know, I feel like that's unfair. She said she wanted to pick jurors that was going to be fair to the State and fair to the defendant and I don't feel that was fair.
- The Court: So, you wanted that juror that knew you to be on the jury?
- Petitioner: No, I didn't. No. I know him. He looked familiar. Didn't ask me did I know

- anyone in the courtroom. When you asked him the question he didn't say nothing. When he get back there deliberating get to talking about me. What do you think that is?
- The Court: How do you know he's talking about you in the jury room? I don't even know what they say in the jury room.
- Petitioner: It's written down right here.
- The Court: How do you know?
- Petitioner: That's what was said to him. Someone brought it to his attention so I'm saying I don't feel like I had a fair jury. I feel like the jury was tainted.
- The Court: All right, Mr. Woods, I understand. You know, you're a very bright kid; you're very bright; very articulate. Write well. You wrote me a hundred letters; wrote all these motions. In fact, you did probably eighty percent of the work in this case. It seems to me if you would just go to school and focus your energy to something that was more positive that you could really succeed; you're a very bright kid.

(*Id.* at 4-5). Nothing further regarding the alleged incident was discussed on the record and the trial court judge sentenced Petitioner to twelve years of imprisonment in the custody of Missouri Department of Corrections.

The appellate court determined that the trial court did not abuse its discretion in denying Petitioner's motion for a new trial because "[Petitioner] failed to offer any affidavits, testimony or other evidence to support his assertion of juror misconduct in his motion for new trial" and "[w]ithout such evidence, the [trial court] was unable to evaluate the validity of [Petitioner's] claim" (Resp. Ex. G at 2).

Under Missouri law, "unverified allegations in a new trial motion do not prove themselves, and cannot be considered unless substantiated by the record or shown by affidavit." *State v. Davis*, 369 S.W.2d 237, 242 (Mo. 1963). In the case of juror misconduct, the burden rests with a defendant to present evidence sufficient to prove the actual prejudice necessary to justify a new trial. *United States v. Tucker*, 137 F.3d 1016, 1030 (8th Cir. 1998); *United States v. Blumeyer*, 62 F.3d 1013, 1017 (8th Cir. 1995). However, Petitioner's motion for new trial was not accompanied by any affidavits or other evidence in support of Petitioner's allegations of juror misconduct. Additionally, while Petitioner requested an "inquiry," he did not request an

evidentiary hearing, either in the Motion for New Trial or during the Sentencing Hearing when the trial court judge took up his Motion. *State v. Morgan*, 546 S.W.2d 207, 209 (Mo. Ct. App. 1977). At most, the trial court had hearsay upon hearsay of possible juror misconduct. Furthermore, such allegations of juror misconduct must be immediately brought to the court's attention and Petitioner recognized the juror during voir dire but failed to ask the juror be stricken, file a motion, or otherwise notify the trial court. *State v. Choate*, 600 S.W.2d 37, 42 (Mo. Ct. App. 1979) ("[M]isconduct must be promptly brought to the court's attention . . . . A defendant having such knowledge cannot await the result of the trial, and if he loses his gamble take advantage of it by first asserting such in his motion for new trial") (internal quotation marks omitted). Accordingly, the Court finds that the trial court did not err when it denied Petitioner's motion for new trial without an evidentiary hearing because Petitioner failed to request an evidentiary hearing and failed to present any evidence in his Motion for New Trial in support of his allegation of juror misconduct. Therefore, Grounds 1 and 2 will be denied.

**B. Ground 3: The Trial Court's Comments during Sentencing**

In Ground 3, Petitioner asserts that the trial court plainly erred and abused its discretion in denying Mr. Woods probation and sentencing him to a term of twelve years' imprisonment because Petitioner went to trial instead of pleading guilty (Doc. 1 at 13). In May 2004, Petitioner was offered a plea agreement which, by its terms, would result in Petitioner receiving ten years in the Missouri Department of Corrections[2] (Resp. Ex. C at 25-27). However, Petitioner asserts that at some point prior to trial, the trial court offered Petitioner probation if Petitioner pled guilty (Doc. 1 at 13). During the Sentencing Hearing, the issue was discussed as follows:

---

[2] As correctly indicated by Respondent, the plea agreement remains unsigned. Accordingly, it is unclear at what stage the pleading process dissolved or how the plea agreement was included in the trial court record.

- Petitioner: That's why when you offered me probation by me not committing the crime I told you no. I could have went home that day and I said no because I'm standing my ground because I know what I believe in.
- The Court: I don't know why you guys think I'm so mean.
- Petitioner: I don't think you're mean. You doing your job.
- The Court: You could have walked out of here.
- Petitioner: I said no because I stood my ground because I ain't do nothing; and, I thought when we picked the jury and she asked them the questions they was going to be fair to me and fair to her case like she said. She was just doing her job. She present the evidence.
- The Court: Mr. Woods, before I heard all the evidence in this case, when I read it, talked to the prosecutor, you were going to end up getting probation and you were going to walk out of here. But you been in jail too long. You think you're a jailhouse lawyer. You think you can get around stuff. And, so, you figured this out yourself and you made a conscious decision because I talked to you, I talked to you, told you it was probably smarter to walk out of here with probation than to go to trial. You went to trial and two and a half days later you were convicted, right?
- Petitioner: Yes.
- The Court: I was going to give you a break and let you go home. Remember that? …What did I tell you? Didn't I tell you if the jury convicted you I was going to send you to prison?
- Petitioner: No, sir, you didn't tell me that.
- The Court: Yes, I did.

(Resp. Ex. B at 6-8). The appellate court, on direct review, found that "[b]ecause the words of the trial court imply Woods' sentence was based on both his character and the trial evidence, we cannot say the trial court abused its discretion in sentencing Woods' to 12 years imprisonment" (Resp. Ex. G at 4).

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). However, unless an increased sentence, following rejection of a plea offer, is rendered in circumstances that create a "reasonable likelihood" of vindictiveness on the part of the sentencing judge, the burden is on the defendant to prove actual vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799-800 (1989).

Petitioner has been unable to identify any circumstances indicating a reasonable

likelihood of vindictiveness on the part of the sentencing judge. While the sentencing judge did indicate his prior willingness to give Petitioner a sentence of probation upon Petitioner's plea of guilty, the imposition of an increased sentence after trial is not sufficient alone to establish vindictiveness. *Id.* at 799. In the inherent "give-and-take" of plea bargaining, the accused must choose whether to accept the risk, after trial, of a higher sentence, as was the case here, or to waive his rights. *Bordenkircher*, 434 U.S. at 363; *Chaffin v. Stynchcombe*, 412 U.S. 17, 32 (1973). Further, as the appellate court noted, the sentencing judge relied on other indicia of character as well as the evidence presented during trial. Accordingly, the Court finds that the trial court did not err or abuse its discretion in denying Mr. Woods probation and sentencing him to a term of twelve years. Therefore, Ground 3 will be denied.

**C. Grounds 4, 5, and 6: Ineffective Assistance of Trial Counsel Claims**

In Grounds 4, 5, and 6, Petitioner raises various claims of ineffective assistance of his trial counsel. The standard for evaluating a claim of ineffective assistance of trial counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court articulated that a Petitioner must show that counsel's performance was deficient and that Petitioner was prejudiced by the deficient performance. *Id.* at 687. Counsel's representation is deemed deficient where it fails to meet the standards of reasonable effective assistance, given all the circumstances. *Id.* at 687-88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Even where an unreasonable error by counsel occurred, the judgment of a criminal proceeding shall not be set aside if it had no outcome on the proceeding. *Id.* at 691. Therefore, the Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's

determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (internal quotations and citations omitted).

**Ground 4: Failure to Call an Alibi Witness**

In Ground 4, Petitioner asserts the motion court clearly erred in denying Mr. Woods' Rule 29.15 motion for post-conviction relief because trial counsel rendered ineffective assistance of counsel when trial counsel failed to locate, interview, subpoena, request a body attachment, and call as a witness Travia Banks ("Ms. Banks") who would have testified that when the robbery occurred, Mr. Woods was with her at his mother's home.

As discussed above, the Supreme Court holds that judicial scrutiny of counsel's performance must be highly deferential. *Strickland*, 466 U.S. at 688-89. The decision to call a witness at trial is a strategic choice by counsel and such "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Armstrong v. Kemna*, 534 F.3d 857, 864 (8th Cir. 2008) (citing *Strickland*, 466 U.S. at 690). However, where there is evidence of lack of diligence in preparation and investigation by counsel, such strategic choices are not protected by the presumption in favor of counsel. *Id*. Where potential witness testimony might have been helpful in rebutting or clarifying evidence, in order to establish a constitutional violation a habeas Petitioner must establish that the "proffered testimony was so important as to put counsel's failure to consult with or call these witnesses outside the wide bounds of strategic choices that counsel is afforded." *Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir. 2001).

Applying state case law akin to *Strickland*, the motion court concluded that Petitioner's claim was without merit because "the proposed testimony of Ms. Banks would have been

cumulative to the testimony of other witnesses that were called as witnesses and [trial counsel] articulated a valid reason for not calling her after she was investigated" (Resp. Ex. I at 66). In so-doing, the motion court noted that Petitioner's mother, brother, and sister were called as witnesses at his trial to testify that he was at home at the time of the robbery (*Id.* at 64). The motion court also relied on the testimony of trial counsel at the evidentiary hearing. Specifically, the motion court indicated that trial counsel testified he interviewed Ms. Banks and that "he had decided to drop her as a witness because she was not willing to be a defense witness" (*Id.* at 65). The motion court further noted that counsel testified that "she was not a good witness for us" (*Id.*). The appellate court affirmed the motion court and, applying *Strickland*, determined that trial counsel's decision not to call Ms. Banks was not unreasonable "because, at the time, she was unwilling to testify and she would not have supported movant's alibi defense. Further, even if she had supported movant's alibi defense, her testimony would have been cumulative" (Resp. Ex. L at 5).

The Missouri courts reasonably applied *Strickland*. Trial counsel's decision not to call Ms. Banks was a reasonable trial strategy given the cumulative nature of her testimony, her inherent bias, and her then-current unwillingness to testify. Therefore, Ground 4 will be denied.

**Ground 5: Failure to Question about Deformed Feet**

In Ground 5, Petitioner asserts the motion court clearly erred in denying Mr. Woods' Rule 29.15 motion for post-conviction relief because trial counsel rendered ineffective assistance of counsel when trial counsel failed to question Mr. Woods and state's witness Garry Cartt about Mr. Woods' deformed feet, which affect his balance, cause him to limp, and requires him to wear thick-soled shoes (Doc. 1 at 14).

The motion court conducted the following analysis regarding the issue:

> Mr. Woods' next claims that counsel was ineffective for failing to question Mr. Woods and Garry Cartt, a State's witness, about Mr. Woods' deformed feet. No evidence was presented at the hearing with regard to what Mr. Cartt would have said with regard to how the perpetrator walked, and the Court cannot find that movant suffered any prejudice in the absence of such evidence. The testimony of movant did not support a finding that he was wearing special shoes at the time the robbery occurred or that such shoes would have been obvious to an observer in the course of a robbery.

(Resp. Ex. I at 66-67). The appellate court, applying *Strickland*, determined that the motion court did not clearly err in denying Petitioner's claim that trial counsel was ineffective for failing to introduce evidence of his deformed feet because, "movant's own testimony did not support a finding that he wore special shoes at the time of the robbery" and trial counsel "did not notice anything unusual about movant's feet or shoes, or notice any physical deformities" (Resp. Ex. L at 6).

The Missouri Courts reasonably applied *Strickland*. Trial counsel's investigation was reasonable in light of trial counsel's testimony that he was unaware of anything unusual with Petitioner's feet. *Conner v. Quarterman*, 477 F.3d 287, 294 (5th Cir. 2007) (citing *Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003)). Furthermore, even if trial counsel had been aware that Petitioner walked with a limp, it is a reasonable trial strategy to choose not to impeach a witness. *See Collins v. Dwyer*, No. 4:05 CV 497 DDN, 2006 WL 2331177, at *11 (E.D. Mo. Aug. 10, 2006). Finally, Petitioner is unable to establish that the outcome of the proceeding would have been different if trial counsel had questioned Mr. Cartt about Petitioner's deformed feet. Petitioner has done nothing to lessen the impact of other evidence against him, including his fingerprints on the side door. Therefore, Ground 5 will be denied.

**Ground 6: Testimony of Prior Bad Act**

In Ground 6, Petitioner asserts the motion court clearly erred in denying Mr. Woods' Rule 29.15 motion for post-conviction relief because trial counsel rendered ineffective assistance

of counsel when trial counsel failed to object to evidence of an alleged prior bad act (Doc. 1 at 14-15). Specifically, when asked at trial about how he prepared a photo lineup, a police officer testified:

> Well, it was that day when we were going to meet with Mr. Cartt, Lawrence Woods had been arrested that day on unrelated charges. Prior to him being released, headquarters had contacted us of his arrest. And being that I had the print case with his name on it, they pretty much, before they release you, they fingerprint you and they photograph you, so I had a photograph of him, which I take and I normally look through a bunch of the EPIC photos on the computer system and pretty much match it on up with the physical characteristics.

(Resp. Ex. L at 7).

The motion court concluded that "this claim is without merit because the references to this incident could not have had any affect [sic] on the outcome of movant's trial and any prejudice was minimal" (Resp. Ex. I at 67). The appellate court determined that the motion court did not clearly err in denying Petitioner's claim of ineffective assistance of counsel because, "[g]iven the overwhelming evidence, there was no reasonable probability that the result of this trial would have been different if counsel had objected to the reference to movant's unrelated arrest" (Resp. Ex. L at 8). Accordingly, the appellate court found that Petitioner had not established the second prong of *Strickland* (*Id.*).

The Missouri Courts reasonably applied *Strickland*. While trial counsel testified at the evidentiary hearing that "I should have objected to that, and if I did not, that's stupid on my part as a lawyer", given the overwhelming evidence in this case Petitioner has failed to show any reasonable probability that but for the alleged error he would not have been convicted (Resp. Ex. I at 46).

### III.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Lawrence Woods' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

A judgment dismissing this case is filed herewith.

Dated this 22nd day of February, 2016.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**